## Chapman, Appellant, *v.* Fast.

*Equity—Chancellor's findings of fact—Evidence—Deed—Consideration—Payment of judgments—Satisfaction.*

On a bill in equity for the cancellation of a deed and lease, a chancellor's findings of facts to the effect that no fraud was committed on plaintiff, will be sustained, if based on sufficient evidence, and if no manifest error appears.

2. If in such case the deed was made in consideration of the payment of the grantor's judgment debts, and the grantee fails to satisfy them, the defense of payment may be set up by the grantor in a proper proceeding.

Argued January 18, 1923. Appeal, No. 116, Jan. T., 1923, by plaintiff, from decree of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 9701, dismissing bill in equity, in case of Edward R. Chapman v. Morris Fast. Before MOSCH-ZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for cancellation of deed and lease. Before STERN, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John W. Parks,* for appellant.

*Frederick H. Warner,* for appellee.

PER CURIAM, February 12, 1923:

The court below dismissed a bill in equity for the cancellation of a deed and a lease; plaintiff has appealed.

We adopt the following excerpts from the opinion of the chancellor who heard the case: "Plaintiff claims that

defendant requested the execution of a bond and mortgage for the protection of loans which he had made to the former, and that plaintiff signed his name at the bottom of two pieces of paper with the belief that he was executing such bond and mortgage. The papers upon exhibition, prove to be a deed of the property [here involved] from plaintiff to defendant, and a lease [thereof] from defendant to plaintiff. The chancellor cannot believe that plaintiff was fraudulently induced to sign these papers in ignorance of what they really were; the papers being in the usual printed form could not have been blank pieces of paper when presented to him, and it is scarcely credible that any man in a business transaction would sign his name at the bottom of a blank piece of paper, especially in a case where the person in question is a college graduate, a man of education and of keen mental acuteness......It seems there was some question about the title [to the property] and defendant was apparently reluctant to consider the matter settled until the title could be perfected or at least made satisfactory to him. [In the meantime, judgments on notes given by plaintiff to defendant] remain unsatisfied, this also was accounted for by defendant as resulting from the defect in the title before referred to......Plaintiff admittedly [was] indebted to defendant, and, in the absence of proof that he has tendered, or at least is now willing and able to pay to the defendant the amount due to him, he cannot be said to have done equity, and therefore to be entitled in any event to [the] equitable relief" sought.

We need add only that, if the conveyance of plaintiff's property to defendant has paid the former's debts to the latter, represented by the above judgments, and defendant should not satisfy these judgments, as the chancellor states he is willing to do, the defense of payment may be set up by plaintiff in a proper proceeding. The case turns on questions of fact which have been decided

against appellant, and, applying the usual tests, we are not convinced of error in the findings under review.

The order complained of is affirmed; appellant to pay the costs of this appeal.